IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-00671-WYD-MJW

KENDRA G. MORROW;
HILDA P. RODRIGO; and
CAROLINE SARVER,

      Plaintiff,

v.

BANK OF AMERICA, a National Association,

      Defendant.

---

## ORDER

---

      This matter is before the Court on Plaintiffs' Motion for Default Judgment filed

April 24, 2012.  This motion was filed after the Clerk granted Plaintiffs' Motion for Entry

of Default on April 16, 2012.  Plaintiffs' motion was referred to Magistrate Judge

Watanabe for a recommendation by Order of Reference of March 21, 2012, and

Memorandum of April 25, 2012.

      Magistrate Judge Watanabe issued a Recommendation on Plaintiffs' Motion for

Default Judgment (Docket No. 11) on September 11, 2012, after a hearing.  He noted

that Defendant Bank of America had not filed a response to Plaintiffs' Motion and did

not appear at the hearing, and that he considered the testimony and credibility of the

Plaintiffs.  (Recommendation at 1.)  He recommended that Plaintiffs' Motion for Default

Judgment be granted, finding that Bank of America is liable under the Equal Credit

Opportunity Act and Colorado Consumer Protection Act.  (*Id.* 6-8.)  He further

recommended that default judgment enter in favor of Plaintiff Kendra Morrow in the amount of $137,600.00, plus reasonable attorney's fees and court costs; that default judgment enter in favor of Plaintiff Caroline Sarver in the amount of $29,500.00, plus reasonable attorney's fees and court costs; and that default judgment enter in favor of Plaintiff Hilda Rodrigo in the amount of $20,200.00, plus attorney's fees and court costs. He also awarded post-judgment interest.

On October 9, 2012, Defendant Bank of America filed a timely Objection to the Recommendation.  Courts have held, and I agree, that such an objection is properly treated as a motion to set aside the entry of default judgment.  *See Town and Country Kids, Inc. v. Protected Venture*, 178 F.R.D. 453, 454 (E.D. Va. 1998) (citing *F.D.I.C. v. Danzig*, No. 93-1294, 1993 WL 478842 at *2 (4th Cir. Nov. 22, 1993); *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)).  The Objection also necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  Plaintiffs filed a response to the Objection on October 22, 2012.

Bank of America's Objection posits several reasons why the Recommendation should be rejected and the entry of default set aside.  First, Bank of America asserts that it was not properly served and, as a consequence, the Court lacks personal jurisdiction over it.  It points out on this issue that before the Recommendation was entered, this Court in a separate case found that the identical manner of service against Bank of America was improper, and ordered that entry of default in favor of the plaintiff be set aside.  (*See* Ex. C to Objection, Minute Order of July 25, 2012, issued in Civil

Action No. 12-cv-00798-MSK-MJW.)  Plaintiffs' counsel in this case, Matthew Osborne, was counsel for the plaintiff in that case.

Second, Bank of America asserts that good cause exists to overturn the entry of default against it, since the default was not willful, Plaintiffs will not be prejudiced if the entry of default is set aside, and Bank of America has a meritorious defense to each claim asserted by the Plaintiffs.  Indeed, it argues that this action is premised entirely on claims that are contrary to the clear, express terms of a written interim agreement between the parties that is the basis of this lawsuit.  Third, it is argued that the damages recommended to be awarded are excessive and unsupported by the evidence.

Turning to my analysis, before judgment has entered the court may relieve a defendant of the consequence of its failure to appear or otherwise defend by setting aside an entry of default for good cause. Fed. R. Civ. P. 55(c).  The good cause required to set aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect requirement which must be shown for relief from judgment under Rule 60(b). *Dennis Garberg & Associates, Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).

The primary factors "in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing *In re Dierschke,* 975 F.2d 181, 183-84 (5th Cir. 1992)).  These factors

are not "'talismanic'" and other factors may also be considered.  *Id.* (quoting *Dierschke*,

975 F.2d at 184).  While "[t]he preferred disposition of any case is upon its merits and

not by default judgment", . . . this judicial preference is counterbalanced by

considerations of social goals, justice and expediency. . . ."  *Gomes v. Williams*, 420

F.2d 1364, 1366 (10th Cir. 1970).

      In the case at hand, I find that Bank of America has shown good cause for setting

aside the entry of default.  Thus, I find merit to its Objection, and reject the

Recommendation.  In so doing, I note that Magistrate Judge Watanabe did not have the

benefit of Bank of America's arguments when he issued the Recommendation.

      As to the reasons for my ruling, I first find that service does not appear to be

appropriate under Fed. R. Civ. P. 4(h)(1) and/or C.R.C.P. 4(e)(4)(A)-(F).  Bank of

America has shown that the person served, Beth Anderson, is not authorized to accept

service on its behalf and does not qualify as an officer or managing or general agent

under either approach taken by the courts.  She works at Bank of America Home Loans,

not Bank of America, N.A., and even if I credit Plaintiffs' evidence that these two entities

have merged, Bank of America has shown that she did not have authority to accept

service on its behalf.  Plaintiff has provided no evidence to refute that.  Further,

according to the evidence presented by Bank of America, the process server did not ask

Ms. Anderson about her position or job title, and she was not wearing a name tag or

other item of apparel that identified her position.  Accordingly, service was improper

because it was not fair or reasonable for the process server to imply that Ms. Anderson

was authorized to receive service.  *See Direct Mail Specialists, Inc. v. Eclat*

*Computerized Technologies, Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) (noting under the liberal approach to service of a corporation that service is generally "sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service").  Further, Bank of America did not receive notice of this service.  *See Colo. Legal Servs. v. Legal Aid Nat. Servs.,* No. 08-cv-00258-MSK-KMT, 2010 WL 1258090, at *3 (D. Colo. July 21, 2010) (stating that service would have been appropriate under Rule 4(h) if the evidence revealed that the defendants received actual notice of the action by virtue of the service).

I also note that Plaintiffs' counsel should have been aware that service at the disputed location where Ms. Anderson works was likely improper given the Court's ruling in Civil Action No. 12-cv-00798-MSK-MJW, ECF No. 31, attached as Exhibit C to the Objection.  In that Order, the Court set aside an entry of default issued against Bank of America based in part on improper service at the same location at issue in this case. This ruling was issued on July 25, 2012, more than a month before the Recommendation was issued in this case.

I also find that the entry of default did not result from Bank of America's culpable conduct.  A defendant's conduct is generally considered culpable if it has defaulted willfully or has no excuse for the default.  *Hunt*, 1995 WL 523646, at *3.  Where a party moves promptly to set aside an entry of default, such conduct serves to mitigate any culpability that may exist.  *Id.* at *2-3; *see also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008).  Bank of America asserts that it only learned of the instant case because its former counsel in a state action that is allegedly duplicative of this

case happened, by pure luck, to conduct a PACER search of Plaintiff Rodrigo.  If the

state court case had not been filed—in which Ms. Rodrigo managed to personally serve

an officer of Bank of America at its corporate headquarters— Defendant asserts that its

first notice would have arrived when Plaintiffs began executing on their judgment.  Bank

of America also asserts that within only a few days of receiving notice of the instant

case, it retained counsel who began actively defending the case and sought to have the

entry of default set aside.  While Plaintiffs contest Bank of America's culpability, I reject

their argument.

Finally, I find that Plaintiffs have not demonstrated that any prejudice would result

from setting aside the entry of default, and I find no prejudice.  Bank of America also

appears to have a meritorious defense.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated

May 12, 2011 (ECF No. 17) is **REJECTED**.  Plaintiff's Motion for Default Judgment is

**DENIED**, and the Entry of Default against Defendant is **SET ASIDE**.

Dated:  January 24, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge